IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER PYLES, # R43795,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00770-MJR |
| ) | |
| **DR. NWAOBASI,** ) | |
| **DR. SHEARING, and** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Christopher Pyles, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. More specifically, Plaintiff takes issue with the medical care he has (or has not) received for a July 2009 back injury. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In July 2009, Plaintiff Christopher Pyles injured his back; since that time, he has experienced radiating pain and numbness. Plaintiff has been seen and treated by Defendants Dr. Nwaobabasi and Dr. Shearing, who are employees of Defendant Wexford Health Sources, Inc., which provides medical care to the inmates at Menard Correctional Center.

Plaintiff was seen by Dr. Nwaobasi on September 24, 2012. He explained to Nwaobasi that treatment up to that time had not been effective, and that he wanted additional testing and a different treatment regimen. Plaintiff was told not to speak and reminded that Nwaobasi was the doctor. Plaintiff saw Dr. Nwaobasi again on November 22, 2012, seeking an MRI and exam by a specialist in order to identify the source of his pain. Dr. Nwaobasi instructed

Plaintiff to "shut up" and "shut the hell up," and did not inquire further about Plaintiff's symptoms, complaints and treatment history.  Plaintiff characterizes Dr. Nwaobasi as being deliberately indifferent to his serious medical needs, and he attributes Nwaobasi's failure to provide effective treatment to Wexford's policies, and a conspiracy between Wexford Health Sources, Inc., and its physicians, aimed at cost-cutting at the expense of patient care.

Similar allegations are lodged against Dr. Shearing, who examined Plaintiff on March 1, 2013.  Dr. Shearing, like Dr. Nwaobasi, relied upon an x-ray to form his treatment plan, concluding that there was no neurological deficit and no alternative treatment.  Dr. Shearing denied Plaintiff's request for an MRI and examination by a specialist.  Plaintiff was again denied any effective medication or treatment. Wexford's policies and a conspiracy with Wexford Health Sources, Inc., is cited as motivating Dr. Shearing.

Plaintiff describes Wexford as dictating a "bare minimum approach" to patient treatment, with the ultimate goal of coast savings.  This policy has been in force since July 2009, undermining Plaintiff's treatment since that time.  Plaintiff acknowledges that Wexford's policies are also at issue in another action he has pending in this Court:  *Pyles v. Gaetz*, 11-cv-00378-SCW (S.D. Ill. filed May 6, 2011).

Plaintiff seeks declaratory relief, compensatory and punitive damages, and injunctive relief.

Based on the allegations of the complaint, and without regard to the merit of any claim, the Court finds it convenient to summarize the *pro se* action into a single count, as the conspiracy claim is merely another theory for imposing Eighth Amendment liability.

**Count 1: Defendants Dr. Nwaobasi, Dr. Shearing and Wexford Health Sources, Inc., separately and in conspiracy have been deliberately indifferent to Plaintiff Pyles' serious medical needs, including pain, in violation of the Eighth Amendment.**

### Discussion

The complaint states colorable Eighth Amendment and conspiracy claims against Defendants Dr. Nwaobasi, Dr. Shearing and Wexford Health Sources, Inc. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (the Eighth Amendment guarantees adequate medical care); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (the use of easier less efficacious treatment can amount to deliberate indifference); *Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006) ("The cost of treatment alternatives is a factor in determining what constitutes adequate, minimum-level medical care, but medical personnel cannot simply resort to an easier course of treatment that they know is ineffective." (citations omitted)). Therefore, Count 1 shall proceed.

### Disposition

All claims against all Defendants shall proceed. The Clerk of Court shall prepare for Defendants **DR. NWAOBASI**, **DR. SHEARING** and **WEXFORD HEALTH SOURCES, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of

Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28

U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 23, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**